# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CV 110

| | |
|---|---|
| KEVIN C. CLARK, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ASHEVILLE FORD, LLC, ROBERT ) | |
| SLEBONICK, and WILLIAM SIMPSON, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

This matter is before the Court upon Plaintiff's Motion to Compel (Doc. 14). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  Procedural Background

On February 19, 2018, Plaintiff filed this matter in the Superior Court Division of the General Court of Justice for Buncombe County, North Carolina. (Doc. 1) at 1. The Complaint contains the following claims:

- Violation of the Fair Labor Standards Act for unpaid overtime (Compl. ¶¶ 48-56);

- Violations of the North Carolina Wage and Hour Act for recovery of unpaid wages (id. ¶¶ 75-82); and

- Wrongful discharge in violation of the North Carolina Retaliatory Employment Discrimination Act and public policy (id. ¶¶ 57-74).

See id. (Doc. 1-1).

On April 23, 2018, the case was removed to this Court. See Not. Rem. (Doc. 1). On May 4, 2018, Defendants filed their Answer (Doc. 4).

On May 31, 2018, a Pretrial Order and Case Management Plan (Doc. 10) ("Pretrial Order") was entered, which requires that "a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the magistrate judge. Only when that request is denied, or an impasse is reached at the conference may the party file a disputed motion for an order relating to discovery. Such conferences may be conducted in chambers or by conference call and need not be recorded, all in the discretion of the magistrate judge." Id. at 4.

On October 19, 2018, Plaintiff filed a Motion to Compel (Doc. 14) and supporting memorandum (Doc. 14-1), along with additional materials (Doc. 15). On November 6, 2018, following an unopposed extension of time, Defendants filed a Memorandum in Opposition (Doc. 18). On November 13, 2018, Plaintiff filed a Reply (Doc. 21) in support of his Motion to Compel.

On November 9, 2018, Plaintiff filed a Motion to Waive the Requirement to Request a Conference with the Magistrate Judge Under Rule 16(b)(3)(B)(v), Fed. R. Civ. Pro., and the Scheduling Order, or in the Alternative, to Allow Plaintiff to Withdraw his Motion to Compel Discovery, in Order to Comply with Rule 16(b)(3)(B)(v), and the Scheduling Order (Rule 16(b)(4), Fed. R. Civ. P.) ("Motion to Waive Discovery Conference") (Doc. 19). By order dated November 16, 2018 (Doc. 22), the undersigned denied Plaintiff's Motion to Waive Discovery Conference, scheduled a discovery conference for November 27, 2018, and deferred a ruling on Plaintiff's Motion to Compel pending completion of the

2

discovery conference.

On November 27, 2018, the Court conducted a telephone conference call with counsel and directed the parties to confer further about their discovery disputes and file a status report within seven days advising as to whether the issues had been resolved in whole or in part.

On December 4, 2018, the parties submitted a joint status report (Doc. 23), which indicated that although the parties had not been able to resolve the dispute regarding the information sought in Plaintiff's Interrogatory Number 5 to Asheville Ford, LLC, progress had been made with respect to the dispute regarding the information sought by Plaintiff's Request for Production of Documents Numbers 55, 56, and 57 to Asheville Ford, LLC. The parties requested leave to submit a supplemental report by December 7, 2018, and that request was allowed.

The parties did not submit a supplemental report by December 7, 2018, but they did subsequently provide such a report on December 13, 2018 (Doc. 24), indicating they had not been able to resolve the dispute with respect to Plaintiff's Interrogatory Number 5, but they had been able to resolve the dispute concerning Plaintiff's Request for Production of Documents Numbers 55, 56 and, 57.

## II. Factual Background

In pertinent part, Plaintiff alleges the following:

Plaintiff worked as a "detailer" for Defendant Asheville Ford, LLC ("Asheville Ford") from August 2015 until his employment was terminated on February 3, 2017. Compl. ¶¶ 8–10. Throughout his employment, Plaintiff "detailed" new and used vehicles

that were purchased from and sold to the dealership's customers. Id. ¶ 13. Plaintiff received a predetermined sum of money for every vehicle he detailed over the work week. Id. ¶¶ 15-17. Plaintiff was never paid an hourly wage during his employment. Id. ¶ 15.

Asheville Ford deducted 5% from Plaintiff's gross pay each week to reimburse the dealership for the cost of supplies. Id. ¶¶ 21, 23. Plaintiff, however, contends that he never agreed to this deduction and frequently complained to William ("Bill") Simpson, his immediate supervisor, about it. Id. ¶ 24

Plaintiff was also required to work more than forty hours per week during August 2015 through November 2016 and January 2017. Id. ¶ 31. In November 2015, Simpson directed Plaintiff to "clock out" after working eight hours in a workday and continue working off the clock to complete assigned vehicles. Id. ¶ 33. Plaintiff was never compensated for the overtime hours he worked. Id. ¶ 37.

In January 2017, Asheville Ford reduced the payments to Plaintiff and other "detailers" for the vehicles they cleaned. Id. ¶ 38.

On February 3, 2017, Simpson called Plaintiff into a meeting and discharged him. Id. ¶ 45.

## III. Discussion

### A. Plaintiff's Interrogatory Number 5

When Plaintiff's Complaint was served and while the matter was still pending in state court, Plaintiff served his First Set of Interrogatories to Asheville Ford. Schults Aff. (Doc. 15) ¶ 3 (citing Ex. A). On July 23, 2018, Asheville Ford responded to those interrogatories. Id. ¶ 5 (citing Ex. B).

Plaintiff's Interrogatory Number 5 stated as follows:

> Please identify each and every person that was employed by you at your Asheville, North Carolina location, along with the dates of employment and job titles of those persons during their employment, and if separated from their employment, the reason for their separation, and identify any documents relating to the same.

Schults Aff. (Doc. 15) Ex. A at 6. Asheville Ford responded with the following:

> Defendant objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and, as such, exceeds the permissible scope of discovery. Defendant objects to this Interrogatory on the grounds that it is overbroad, unreasonably burdensome, and oppressive. Defendant objects to this Interrogatory on the grounds that it is so vague and ambiguous that Defendant cannot properly respond.

Schults Aff. (Doc. 15) Ex. B at 8.

Plaintiff subsequently agreed to limit the time period covered by this interrogatory to August 1, 2015 through May 1, 2017. Pl.'s Mem. (Doc. 14-1) at 4. Plaintiff also agreed to limit the scope of persons to be identified to body shop employees, technicians, estimators, and salespersons. Id. at 4-5. Asheville Ford agreed to provide the names and addresses for current and former detailers and one former employee who allegedly processed payroll for detailers, but it otherwise objected to producing the information. Id. at 5.

Under Rule 26 of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a party's claim or defense," Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp., No. 3:16CV471, 2017 WL 915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992)).

A party resisting discovery bears the burden of persuasion. Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010).

> [W]hen challenged, threshold or apparent relevance must be established and, if established, the burden shifts to the resisting party to show lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.

Desrosiers v. MAG Indus. Automation Sys., LLC, 675 F. Supp. 2d 598, 601 (D. Md. 2009) (internal quotation marks omitted).

Here, Asheville Ford argues that Plaintiff's stated justification for seeking information about additional potential witnesses is weak, particularly considering the Declaration by General Manager Robert Slebonick, which Asheville Ford says indicates "the individuals for whom Plaintiff seeks discovery are unlikely to have relevant

knowledge." Memorandum in Opposition (Doc. 18) at 6. Presumably, Plaintiff would know the persons with whom he worked primarily and who would have information regarding the alleged background of his claims. In addition, Asheville Ford has provided the names of persons who were responsible for collecting, verifying, or calculating Plaintiff's time and wage information, as well as the names and contact information for seven detailers with whom Plaintiff worked.

However, Rule 26, allows for broad discovery. While Asheville Ford contends the additional witnesses are unlikely to have relevant knowledge, it has not demonstrated that these persons do not have discoverable information. Next, Asheville Ford's previous production of information about potential witnesses does not necessarily indicate that the identity of additional potential witnesses should not be discoverable. Further, Asheville Ford has not sufficiently explained why the production of this information would be overly burdensome or difficult for Asheville Ford. Therefore, Asheville Ford will be required to supplement its response to Plaintiff's Interrogatory Number 5, as amended and limited by Plaintiff.

### B. Fees

Rule 37 provides that, if a motion to compel

> is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, payment is not required if the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

In the instant case, Plaintiff's Motion does not seek fees, see Pl.'s Mot. Comp. (Doc. 14); Pl.'s Mem. (Doc. 14-1), and the Court otherwise concludes that no fees should be awarded under the present circumstances.

**IT IS THEREFORE ORDERED THAT:**

1. To the extent Plaintiff's Motion to Compel (Doc. 14) pertains to Plaintiff's Interrogatory Number 5, the Motion is **GRANTED**, and Asheville Ford, LLC is **DIRECTED**, within twenty-one (21) days hereof, to produce the identities and contact information of those persons employed as body shop employees, technicians, estimators, and salespersons by Asheville Ford, LLC, at any time between August 1, 2015 through March 1, 2017 (Doc. 24 at 1); and

2. The remainder of Plaintiff's Motion to Compel (Doc. 14), which pertains to Plaintiff's Request for Production of Documents Numbers 55, 56 and, 57, is **DENIED AS MOOT**.

Signed: January 14, 2019

W. Carleton Metcalf
United States Magistrate Judge